**In the Matter of DORMER ENTER-PRISES, INC., d/b/a Dormer's Suzuki Center, Debtor.**

**Bankruptcy No. BK85–2903.**

United States Bankruptcy Court, D. Nebraska.

May 2, 1986.

ors sufficient monies to purchase inventory from manufacturers. Creditor takes as security for such loans a security interest in the motorcycles and other inventory. Pursuant to the agreement, as the debtor's inventory ages, or is damaged or miles are put on it, the debtor is to make certain payments to the creditor to protect its interest in the value of the collateral. As the debtor sells a piece of inventory, it is to pay the creditor the balance due the creditor under the financing arrangement for that particular piece of inventory.

The debtor, in order to legally operate as a retailer of motorcycles in the State of Nebraska must have a permit from the State and in order to obtain such a permit or maintain such a permit, the debtor must post a bond with the State. The permit of this debtor expired on December 31, 1985, and as of the date of the hearing had not been renewed and no application had been made for such renewal. The evidence is that the debtor is unable to post the bond and will not be obtaining a retail permit.

The creditor filed a motion for relief under § 362(d)(1), for cause and under § 362(d)(2), alleging lack of equity and alleging that the collateral is not necessary to an effective reorganization.

On the equity issue, creditor urges the Court to determine the value of the collateral as wholesale value. Creditor claims that the most it can obtain for the collateral is the wholesale value of the collateral by selling the inventory to other dealers or distributors or by returning the vehicles to the manufacturer. If wholesale value is used, the debtor has no equity because the amount due the creditor exceeds the wholesale value.

The debtor, on the other hand, urges the Court to use a value in excess of wholesale because it is the opinion of the debtor that the inventory has received added value by payment of freight and assembly of the motorcycles which come to the dealer unassembled. The debtor believes that the fair market value of the inventory exceeds wholesale value and that he can obtain

John C. Hahn of Jeffrey, Hahn & Hemmerling, P.C., Lincoln, Neb., for debtor.

Robert D. Kinsey, Jr., and William W. Mickle, II, of Nelson & Harding, Lincoln, Neb., for ITT Commercial Finance Corp.

### MEMORANDUM OPINION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Final hearing on motion for relief from the automatic stay filed by ITT Commercial Finance Corp. was held on February 18, 1986. The parties were granted permission to file post-trial briefs and the last of the briefs was filed on March 13, 1986.

Debtor was a retail business selling Suzuki motorcycles and related equipment to the general public. Debtor filed a voluntary petition under Chapter 11 on December 13, 1985. Prior to that date it was in default under its agreement with the creditor. Creditor is basically a floor-plan financier. In other words, creditor loans debt-

value in excess of the wholesale value in a liquidation sale. Debtor, through its president, presented evidence that the plan of reorganization is or will actually be a liquidating plan. The debtor will propose to sell the franchise and all inventory and parts as well as fixtures.

The creditor presented evidence that in the only attempt that the debtor has made to sell the collateral in a bulk sale, the proposed purchaser refused to pay the wholesale price and insisted on paying less than wholesale.

Although this Court can make a determination of value based upon the actual use of the collateral by the debtor, in this case the wholesale value is more likely to approximate fair market value than any other figure. A reason for that is that this debtor cannot sell individual bikes on a retail basis. The only way the debtor can sell the inventory is in a bulk sale of the business. The debtor admitted that its proposal will be for a liquidating plan and the business, although it is hoped will be sold as a going business, actually will be sold as a package and subject to approval of the manufacturer for any sale of the franchise rights. Debtor did not present any evidence that anyone would purchase the inventory for more than wholesale and creditor did present evidence that it is unlikely that anyone would purchase the inventory for more than wholesale. Therefore, the Court concludes that the debtor has no equity in the property.

The debtor does have a right to treat a liquidating plan as a reorganization plan. The debtor's president testified concerning his intention to put together a liquidating plan and use both the collateral and the franchise agreement to obtain value for the creditors. Although this evidence is slim, the Court accepts it and determines that the collateral is necessary for an effective liquidating reorganization.

The evidence is that each month the value of the "new" inventory declines. Creditor, therefore, claims that it is not adequately protected. Debtor claims that all of the property is adequately insured and

that the creditor has a third-party agreement which guarantees the creditor full payment of the balance due if and when the creditor takes possession of the collateral and turns it over to the manufacturer. The evidence of this "guarantee" was solicited on cross-examination from a witness of the creditor. He testified that once the creditor repossesses the collateral, the creditor can obtain full payment of the balance due from the manufacturer. No further evidence was presented concerning protection of the creditor. For example, no evidence was presented with regard to whether or not the manufacturer would repurchase damaged or used inventory. However, since the debtor presented evidence that the property was insured, the Court concludes that a full-payment recourse agreement for repurchase of the inventory by the manufacturer and adequate insurance upon the building housing the inventory as well as insurance on the inventory itself protecting the debtor and the creditor from damage from wind and fire, as well as theft, is adequate protection of the interest of the creditor. Based upon all of the above, the motion for relief is overruled.

However, this Court is aware that the creditor alleges that shortly after the trial on this matter the insurance lapsed and that there is no insurance protecting the interest of the creditor. This Court finds that the manufacturer's repurchase agreement, by itself, does not protect the interest of the creditor. Unless that repurchase agreement provides that the interest of the creditor is fully insured against casualties such as wind, fire and theft, the creditor is not adequately protected and relief will be granted at the next hearing. Creditor has filed another motion for relief based upon the allegation that there is no insurance and, therefore, it is not adequately protected. That hearing will be held on affidavit evidence at the next available motion day. The only issue shall be the terms of the repurchase agreement and whether or not there is adequate insurance protecting the interest of the creditor.